CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
MAY 05 2015
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MATTER FORGODS PRODUCTION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:15-CV-00025 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

This matter is presently before the court on the defendant's motion to dismiss the plaintiff's pro se complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the court will grant the defendant's motion.

## Background

The pro se plaintiff, Matter Forgods Production, initially filed this lawsuit against Dr. Delmar Short in the Montgomery County General District Court in Christiansburg, Virginia. The plaintiff's complaint accuses Dr. Short of "conspire," "kidnap," "rape," "cause," "violate rite," and "incompetent." See Docket No. 1-1 at 1. The plaintiff makes six requests; however, aside from a general demand for money damages in the amount of $14,892.95, her requests for relief are largely indecipherable. Id. at 2. In support of her claims, the plaintiff submits over one hundred pages of allegations and exhibits that can be described only as vague, incoherent, and disjointed. See generally Docket No. 1-1, 1-2, 1-3. The plaintiff identifies Dr. Short as Chief of Psychiatry at the Salem Veterans Affairs Medical Center ("SVAMC"). See id. at 2. She also appears to describe actions allegedly taken by Dr. Short and others at the SVAMC. Id. at 9. She claims that Dr. Short "held [her] hostage" and that he "conspire, abuse of authority, criminal, incompetent." Id. at 9-10.

On January 23, 2015, the United States filed a Notice of Substitution and Removal, removing the action to this court and substituting the United States as the sole defendant. See Docket No. 1. The United States then moved to dismiss the plaintiff's complaint. See Docket No. 7. The court notified the pro se plaintiff of this motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), but the plaintiff failed to respond. The matter is now ripe for review.

## Standards of Review

### I. Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a party may file a motion to dismiss for lack of jurisdiction over the subject matter. A plaintiff bears "the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). When considering a motion to dismiss pursuant to Rule 12(b)(1), a court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. (internal quotation marks omitted). A court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (internal quotation marks omitted). When a defendant asserts multiple defenses, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 n.4 (4th Cir. 1999).

### II. Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 8(a)(2), a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that "fail[s] to state a claim upon which relief can be granted" may be dismissed under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of a complaint; it does not

2

"resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." See Butler v. United States, 702 F.3d 749, 752 (2012) (quoting Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). When ruling on the defendant's motion to dismiss, a court must accept all facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Erickson v. Pardus, 551 U.S. 89, 94 (2007). The plaintiff's factual allegations need not be detailed, but she must offer more than "labels and conclusions" or a "formulaic recitation of the elements of [the] cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). These facts must "be enough to raise a right to relief above the speculative level." Id.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (internal citations and quotation marks omitted). The requirement of liberal construction does not mean, however, that the court can ignore a clear failure in the pleading to "allege anything that even remotely suggests a factual basis for the claim." Weller v. Dep't of Social Servs., 901 F.2d 387, 391 (4th Cir. 1990). Where a complaint fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," it must be dismissed. Twombly, 550 U.S. at 555 (internal quotation marks omitted).

## Discussion

The United States asserts, and the court agrees, that the plaintiff's complaint can only be interpreted as stating a claim for medical malpractice based on actions taken by Dr. Short and other SVAMC employees. Def.'s Mot. Dimiss at 2, Docket No. 7. The United States has moved to dismiss the plaintiff's claim for lack of subject matter jurisdiction and for failure to state a plausible claim for relief. The court will consider each argument in turn.

3

## I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

The Federal Torts Claim Act ("FTCA") provides the exclusive remedy for common law negligence claims against federal agencies or their employees acting within the scope of their employment. See 28 U.S.C. §§ 2671-2680. The FTCA requires a plaintiff to first exhaust her administrative remedies. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). As a prerequisite to filing suit under the FTCA, a plaintiff must first present her tort claim to the appropriate administrative agency. 28 U.S.C. § 2675(a); see also 28 C.F.R. § 14.2(a) (specifying the procedure for filing an administrative claim with a federal agency). "It is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986).

Here, the plaintiff has failed to allege or offer any evidence demonstrating that she presented her malpractice claim to the Department of Veterans Affairs, as required by 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.2(a). Moreover, the defendant's uncontroverted evidence shows that, as of March 25, 2015, neither the Department of Veterans Affairs nor the Salem Veteran's Affairs Medical Center had ever received an administrative tort claim filed by the plaintiff. See Oddo Decl. ¶ 6, Docket No. 8-1 ("My search failed to reveal any record of any claim filed by the Plaintiff under any of her names or her Social Security Number."). Therefore, to the extent that the plaintiff's complaint states a malpractice claim against the United States under the FTCA, this court has no jurisdiction to address the claim, and it must be dismissed.

## II. Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted

To the extent that the complaint may allege a claim over which the court has subject matter jurisdiction, the court declines to seek out such a claim. See, e.g., Murphy v. Goff, 2010 WL

4

2292130, at *1 (W.D. Va. June 7, 2010) ("[A] court is not obliged to ferret through a complaint, searching for viable claims."). Stated simply, the plaintiff's complaint is unintelligible. Even under the most liberal construction, the complaint fails to provide "a short and plain statement" of any claim, as required by Federal Rule of Civil Procedure 8(a)(2). The complaint provides neither the court nor the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotation marks omitted). Thus, the remainder of the complaint will be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## Conclusion

For the reasons stated, the court will grant the defendant's motion and dismiss the plaintiff's complaint without prejudice. The case will be stricken from the active docket of the court. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 5th day of May, 2015.

/s/ Glen Conrad
Chief United States District Judge